**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **VINCE BEDMINSTER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 2015-01** |
| **DOUG GURLEA, GREGORY MOOREHEAD; SHANE BRUNT; and HEAVY MATERIALS LLC,** | ) | |
| **Defendants.** | ) | |

**ATTORNEYS:**

**Vince Bedminster**
*Pro se plaintiff,*

**Michael C. Quinn, Esq.**
Dudley, Topper & Feuerzeig
St. Thomas, VI
Orlando, FL
*For Doug Gurlea; Gregory Moorehead; Shane Brunt; and Heavy Materials LLC.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the motion of Doug Gurlea; Gregory Moorehead; Shane Brunt; and Heavy Materials LLC (collectively, "Heavy Materials") to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. FACTUAL AND PROCEDURAL HISTORY

Heavy Materials, LLC is a business owned and managed by Doug Gurlea, Gregory Moorhead, and Shane Brunt. Vince Bedminster

("Bedminster") was employed by Heavy Materials and served as a union representative for Heavy Materials's employees.

United Steel Workers Union President Sheryl Paris ("Paris") and Bedminster filed grievances against Heavy Materials on behalf of four Heavy Materials employees. Thereafter, Bedminster and Paris met at Heavy Materials's main office on or about April 16, 2014. Also on or about April 16, 2014, Heavy Materials informed Bedminster that his employment with Heavy Materials was terminated as of April 16, 2014.

Subsequently, Bedminster filed a two-count complaint. Count One alleges that Heavy Materials retaliated against him in violation of 29 U.S.C. § 215 and 29 U.S.C. § 218c. Count Two alleges a 42 U.S.C. § 1983 claim based on Heavy Materials's alleged deprivation of Bedminster's fourteenth amendment rights.

Thereafter, the defendants filed the instant motion to dismiss for failure to state a claim.

## II. **DISCUSSION**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir.2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable

inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir.2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts " 'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of

"entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir.2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

## III. ANALYSIS

### A. Count One

Count One asserts that Heavy Materials discriminated against Bedminster and discharged him in violation of 29 U.S.C. § 215 and 29 U.S.C. § 218c because he filed grievances against Heavy Materials.

#### 1. 29 U.S.C. § 215

Heavy Materials argues that Count One fails to state a claim under 29 U.S.C. § 215 ("Section 215") because Bedminster has failed to plead facts showing that he filed any complaint or instituted or caused to be instituted any proceeding under or

related to Chapter Eight of Title 29--the chapter containing 29 U.S.C. § 215.

29 U.S.C. § 215 provides, in relevant part, that:

> it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee . . . .

29 U.S.C. § 215(a)(3).

> . . . § 215(a)(3) protects employees who file complaints "under or related to this chapter." . . . [C]omplaints filed "under" the F[air Labor Standards Act ("FLSA")] are those complaints provided for in the Act, i.e., those complaints filed with the Department of Labor or the federal court as specified in the Act. Complaints that are not "under" the FLSA but are "related to" it, on the other hand, are those complaints filed outside of court and the Department of Labor that relate to the subject matter of the FLSA, for example, those complaints filed *with an employer.* In sum, the statutory grant of protection to employees who "file[ ] any complaint" "related to" the FLSA extends to employees who complain to their employer about an alleged violation of the Act.

*Lambert v. Ackerley*, 180 F.3d 997, 1004-05 (9th Cir. 1999)(en banc).

As such, in order to state a claim under Section 215(a)(3), the plaintiff must allege that he filed a complaint under the Fair Labor Standards Act. *See id.*

In his complaint, Bedminster alleges the following:

> 6. On or about April 16, 2014, Plaintiff and United Steel Workers Union President Sheryl Paris met at the Defendants and Heavy Material LLC main office, in response to grievances that were filed by the Plaintiff and Sheryl Paris, against the Defendants on behalf of 4 of the Defendants employees.
>
> 7. On or about April 16, 2014 the Defendants and Heavy Materials LLC served the Plaintiff a disciplinary action policy document, informing the Plaintiff that the Plaintiff [sic] employment with the Defendants and Heavy Materials has been terminated as of April 16, 2014.
>
> 8. The Defendants and Heavy Materials LLC, discriminated against the Plaintiff, by depriving the Plaintiff of his civil rights in due process and retaliating on the Plaintiff by terminating him because he was an employee and a union representative for the employees of the Defendants and Heavy Materials LLC.

(Complaint, ECF No. 1, at ¶ 6-8.)

Bedminster's complaint alleges that he submitted grievances. (*Id.* at ¶ 6.) The complaint does not, however, describe the subject matter of those grievances such that the Court may determine whether those grievances were related to the subject matter of the Fair Labor Standards Act. Indeed, the complaint does not allege any facts establishing that Bedminster "filed any complaint or instituted or caused to be instituted any proceeding under or related to . . . [Chapter Eight of Title 29], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry

committee." *See* 29 U.S.C. § 215(a)(3). Accordingly, the complaint fails to state a claim under Section 215.

**2. 29 U.S.C. § 218c**

Heavy Materials also argues that Count One fails to state a claim under Section 29 U.S.C. § 218c ("Section 218c") because Bedminster has failed to plead facts showing that his actions were in any way related to a violation of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 ("PPACA").

Section 218(c) provides, in relevant part, that:

> No employer shall discharge or in any manner discriminate against any employee with respect to his or her compensation, terms, conditions, or other privileges of employment because the employee (or an individual acting at the request of the employee) has—
>
> . . .
>
> (1) received a credit under section 36B of Title 26 or a subsidy under section 18071 of Title 42;
>
> (2) provided, caused to be provided, or is about to provide or cause to be provided to the employer, the Federal Government, or the attorney general of a State information relating to any violation of, or any act or omission the employee reasonably believes to be a violation of, any provision of *this title* (or an amendment made by this title);
>
> (3) testified or is about to testify in a proceeding concerning such violation;

> (4) assisted or participated, or is about to assist or participate, in such a proceeding; or
>
> (5) objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee (or other such person) reasonably believed to be in violation of any provision of this title (or amendment), or any order, rule, regulation, standard, or ban under *this title* (or amendment).

29 U.S.C. § 218c(a)(1)-(5)(emphasis added).

Heavy Materials argues that Section 218c does not apply because the reference to "this title" is a reference to Title I of the PPACA, not Title 29 of the United States Code.

Another court that considered this issue held that:

> the better understanding of Section 218c(a)'s references to "this title" is as referring to Title I of the Patient Protection and Affordable Care Act ("PPACA"), Pub.L. No. 111-148, 124 Stat. 119. *See Rosenfield v. GlobalTranz Enters., Inc.,* No. CV 11-02327-PHX-NVW, 2012 WL 2572984, at *1-4 (D.Ariz. July 2, 2012) (performing extensive analysis of the PPACA's legislative history and incorporation into the United States Code, and concluding that "this title" in Section 218c(a) refers to Title I of the PPACA). First of all, the "References in Text" note, which accompanies Section 218c in the United State Code, states that "[t]his title, referred to in subsec. (a)(2), (5), probably means title I of" the PPACA. *See* 29 U.S.C. § 218c. Furthermore, reading "this title" to refer to Title 29 of the United States Code would render Title I of the PPACA—which is largely codified in Titles 42 and 26 of the United States Code, not Title 29—without an anti-retaliation provision. *See Rosenfield,* 2012 WL 2572984, at *1-2. This would mean that "a whistleblower could be fired with impunity as far as

> the [PPACA] is concerned—surely an incongruous result given the comprehensive reforms Congress intended and its many protections against discrimination." *Id.* Finally, reading Section 218c to apply to Title 29 at large would swallow the narrower anti-retaliation protections afforded by Section 215, which have been in place since 1938. *See* 29 U.S.C. § 215(a)(3) (making it unlawful to discharge or discriminate against an employee for filing a complaint or participating in a proceeding under the FLSA); *Rosenfield,* 2012 WL 2572984, at *3. "Enacting such changes in a new statutory section-as opposed to amending § 215-makes little sense, especially without mentioning how the new remedy might relate to the preexisting remedy." *Rosenfield,* 2012 WL 2572984, at *4.

*Banks v. Soc'y of St. Vincent De Paul*, No. C15-0304JLR, 2015 WL 6550671, at *6 (W.D. Wash. Oct. 28, 2015)(footnotes removed)(alterations in original); *see also Rosenfield v. GlobalTranz Enters., Inc.*, No. CV 11-02327-PHX-NVW, 2012 WL 2572984, at *1-4 (D.Ariz. July 2, 2012). Not all district courts agree. However,

> [a]lthough several district courts have treated Section 218c(a)'s references to "this title" as pointing to Title 29 of the United States Code, they have done so only in passing.

*Banks*, 2015 WL 6550671, at *8 n. 8.

Having considered the matter, the Court is in agreement with the district courts that have held that the reference to "this title" in Section 218c refers to Title I of the PPACA, not Title 29 of the United States Code.

29 U.S.C. § 218c(a)(1), the only clause of the anti-retaliation provision which does not ambiguously refer to "this title," prohibits retaliation against an employee on the basis that the employee "received a credit under section 36B of Title 26 or a subsidy under section 18071 of Title 42." 29 U.S.C. § 218c(a)(1). Both section 36B of Title 26 and section 18071 of Title 42 were originally enacted in the PPACA. *See* Pub. L. 111-148, Title I, § 1401(a), Title X, §§ 10105(a)-(c), 10108(h)(1)(Section 36B of Title 26); Pub. L. 111-148, Title I, § 1402, Mar. 23, 2010 (Section 18071 of Title 42). As such, 29 U.S.C. § 218c(a)(1) tends to indicate that 29 U.S.C. § 218c(a) was intended to protect rights created under the PPACA, not labor rights generally.

Indeed, the Court finds it implausible that

> Congress intended [to enact] comprehensive healthcare reform without an anti-retaliation provision—and just happened to include an anti-retaliation provision for the FLSA and other labor laws instead (even though an anti-retaliation provision for the FLSA already exist[ed] . . . )."

*Rosenfield*, 2012 WL 2572984, at *2. It is far more plausible that Congress, in enacting comprehensive health care reform, provided an anti-retaliation provision to protect individuals exercising their newly-created rights.

As such, the Court holds that the reference to "this title" in Section 218c refers to Title I of the PPACA. Therefore, to state a claim under Section 218c, Bedminster must allege that he was retaliated against for engaging in actions related to rights created under the PPACA.

Here, the complaint does not allege any facts indicating that Bedminster was retaliated against for engaging in actions related to rights created under the PPACA. Accordingly, the complaint fails to state a claim under Section 218c.

**B. Count Two**

Count Two asserts a 42 U.S.C. § 1983 claim based on the defendants' alleged deprivation of Bedminster's fourteenth amendment rights. "[A] claim for a violation of civil rights under 42 U.S.C. § 1983 can only be sustained if a defendant deprives a plaintiff of a federal constitutional or statutory right either as a state actor or while acting under color of state law." *Johnson v. Int'l Bhd. of Teamsters (Local 830)*, 256 F. App'x 481, 483 (3d Cir. 2007). Here, Bedminster's complaint fails to include any allegations indicating that any of the defendants are state actors or acting under color of state law. Accordingly, the complaint fails to state a claim under 42 U.S.C. § 1983.

**IV. CONCLUSION**

It is evident that as the complaint currently stands, the claims are deficient. Where a claim is subject to dismissal, district courts are instructed to provide the plaintiff with leave to amend even if the plaintiff has not requested such leave. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The only exception to this general rule is where the district court finds that amendment would be inequitable or futile. *See id.* The Court does not find that amendment would be futile or inequitable here.

As such, the Court will grant the motion to dismiss and grant Bedminster leave to amend his complaint.

An appropriate Order follows.

**S_________________________**
**Curtis V. Gómez**
**District Judge**