```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

VINCE BEDMINSTER,                  )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civil No. 2015-01
                                   )
DOUG GURLEA, GREGORY MOOREHEAD;    )
SHANE BRUNT; and HEAVY MATERIALS   )
LLC,                               )
                                   )
          Defendants.              )
                                   )
```

ATTORNEYS:

**Vince Bedminster**
    *Pro se plaintiff,*

**Michael C. Quinn, Esq.**
Dudley, Topper & Feuerzeig
St. Thomas, VI
Orlando, FL
    *For Doug Gurlea; Gregory Moorehead; Shane Brunt; and Heavy Materials LLC.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the motion of Doug Gurlea; Gregory Moorehead; Shane Brunt; and Heavy Materials LLC (collectively, "Heavy Materials") to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.   FACTUAL AND PROCEDURAL HISTORY

Heavy Materials, LLC, is a business owned and managed by Doug Gurlea, Gregory Moorehead, and Shane Brunt. Vince Bedminster

("Bedminster") was employed by Heavy Materials and served as a union representative for Heavy Materials's employees.

United Steel Workers Union President Sheryl Paris ("Paris") and Bedminster filed grievances against Heavy Materials on behalf of four Heavy Materials employees. Thereafter, Bedminster and Paris met at Heavy Materials's main office on or about April 16, 2014. Also on or about April 16, 2014, Heavy Materials informed Bedminster that his employment with Heavy Materials was terminated as of April 16, 2014.

Subsequently, Bedminster filed a two-count complaint (the "original complaint"). The factual content of Bedminster's original complaint consisted of the following allegations:

> 6. On or about April l6, 2014, Plaintiff and United Steel Workers Union President Sheryl Paris met at the Defendants and Heavy Material LLC main office, in response to grievances that were filed by the Plaintiff and Sheryl Paris, against the Defendants on behalf of 4 of the Defendants employees.
>
> 7. On or about April 16, 2014 the Defendants and Heavy Materials LLC served the Plaintiff a disciplinary action policy document, informing the Plaintiff that the Plaintiff [sic] employment with the Defendants and Heavy Materials has been terminated as of April 16, 2014.
>
> 8. The Defendants and Heavy Materials LLC, discriminated against the Plaintiff, by depriving the Plaintiff of his civil rights in due process and retaliating on the Plaintiff by terminating him because he was an employee and a union representative for the employees of the Defendants and Heavy Materials LLC.

ECF No. 1, at ¶ 6-8.

Count One of the original complaint alleged that Heavy Materials retaliated against him in violation of 29 U.S.C. § 215 and 29 U.S.C. § 218c. Count Two of the original complaint alleged a 42 U.S.C. § 1983 claim based on Heavy Materials's alleged deprivation of Bedminster's fourteenth amendment rights.

On March 24, 2015, Heavy Materials moved to dismiss for failure to state a claim. On March 18, 2016, the Court granted Heavy Materials's motion and dismissed Bedminster's original complaint. The Court gave Bedminster until March 31, 2016, to file an amended complaint that remedied the defects the Court had identified.

On March 28, 2016, Bedminster filed an amended complaint (the "amended complaint"). In its entirety, the amended complaint reads as follows:

> The Complainant's Amended Complaint
>
> The amended complaint of this matter is brought pursuant to the courts order dated March 2016. The complaint states the following: The complainant was terminated and deemed wrongful on a basis inconsistent with the employer's progressive disciplinary policies and its termination letter[.]
>
> The allegation of the theft by the employer is unfounded and without grounds. Therefore the relief for damages is proper. Furthermore, it is reasonable to state that sufficient facts have been established to draw a reasonable inference that the defendant is

> liable for the wrongful termination and retaliated with misconduct demonstrated by the defendant to grant the relief requested by plaintiff pursuant to the law thereunder.
>
> Factual Situation
>
> Under Federal Rules of Civil Procedure 8(a)(2), plaintiff as a pro se litigant, believed he has demonstrated the facts in plain and short statement to satisfy its obligation showing the claim for relief. Immediately following a grievance hearing initiated by the plaintiff, related to the allegation of theft by the defendant.
>
> Wherefore, the termination was wrong since there was no supporting evidence and therefore unfounded and without grounds. (see termination letter and arbitrators decision)

ECF No. 18 at 2.

Thereafter, Heavy Materials filed a second motion to dismiss for failure to state a claim.

## II.  DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir.2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir.2004).

*Bedminster v. Gurlea, et al.*
Civil No. 2015-01
Memorandum Opinion
Page 5

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir.2010) (quoting *Iqbal,* 556 U.S. at 674, 679).

### III. <u>ANALYSIS</u>

Count One of Bedminster's original complaint alleged a violation of 29 U.S.C. § 215 ("Section 215"). In relevant part, Section 215 provides that

> it shall be unlawful . . . for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding *under or related to this chapter*, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3) (emphasis added).

Thus, Section 215 only applies to employees who file complaints "under or related to" the Fair Labor Standards Act ("FLSA"). *See Lambert v. Ackerley*, 180 F.3d 997, 1004-05 (9th

Cir. 1999) (en banc). "[C]omplaints filed "under" the FLSA are those complaints provided for in the Act, i.e., those complaints filed with the Department of Labor or the federal court as specified in the Act." *Id.* Complaints "related to" the FLSA "are those complaints filed outside of court and the Department of Labor that relate to the subject matter of the FLSA, for example, those complaints filed with an employer." *Id.* at 1005. (emphasis omitted). In other words, "the statutory grant of protection to employees who 'file any complaint' 'related to' the FLSA extends to employees who complain to their employer about an alleged violation of the Act." *Id.* (alterations omitted).

> Bedminster's [original] complaint alleges that he submitted grievances. The [original] complaint does not, however, describe the subject matter of those grievances such that the Court may determine whether those grievances were related to the subject matter of the Fair Labor Standards Act. Indeed, the [original] complaint does not allege any facts establishing that Bedminster "filed any complaint or instituted or caused to be instituted any proceeding under or related to Chapter Eight of Title 29, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." Accordingly, the [original] complaint fails to state a claim under Section 215.

In a March 18, 2016, opinion, this Court held

*Bedminster v. Gurlea*, No. CV 2015-01, 2016 WL 1089247, at *3 (D.V.I. Mar. 18, 2016) (alterations and citations omitted) (quoting 29 U.S.C. § 215(a)(3)).

Bedminster has added no facts to his amended complaint with respect to this cause of action. Accordingly, the Court holds that the amended complaint fails to state a claim under Section 215.

Count One of Bedminster's original complaint also alleged a violation of 29 U.S.C. § 218c ("Section 218c"). This Court previously held that, to state a claim under Section 218c, a plaintiff "must allege that he was retaliated against for engaging in actions related to rights created under the [Patient Protection and Affordable Care Act ("PPACA")]." *Bedminster*, 2016 WL 1089247, at *4. In its March 18, 2016, opinion, this Court held

> the [original] complaint does not allege any facts indicating that Bedminster was retaliated against for engaging in actions related to rights created under the PPACA. Accordingly, the [original] complaint fails to state a claim under Section 218c.

*Id.*

The amended complaint fails to allege any new facts with respect to this cause of action. Accordingly, the Court holds that the amended complaint fails to state a claim under Section 218c.

Count Two of Bedminster's original complaint asserted a 42 U.S.C. § 1983 ("Section 1983") claim based on a deprivation of Bedminster's fourteenth amendment rights. "[A] claim for a

violation of civil rights under 42 U.S.C. § 1983 can only be sustained if a defendant deprives a plaintiff of a federal constitutional or statutory right either as a state actor or while acting under color of state law." *Johnson v. Int'l Bhd. of Teamsters (Local 830)*, 256 F. App'x 481, 483 (3d Cir. 2007). With respect to the Section 1983 claim in Bedminster's original complaint, the Court held in its March 18, 2016, opinion that

> Bedminster's [original] complaint fails to include any allegations indicating that any of the defendants are state actors or acting under color of state law.

*Bedminster*, 2016 WL 1089247, at *4.

Here too, the amended complaint fails to allege any new facts relevant to his Section 1983 claim. Accordingly, the Court holds that the amended complaint fails to state a claim under 42 U.S.C. § 1983.

## IV. Conclusion

When a complaint is dismissed for failure to state a claim, "the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Nevertheless, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his

*Bedminster v. Gurlea, et al.*
Civil No. 2015-01
Memorandum Opinion
Page 10

complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt.*, 305 F.3d 140, 144 (3d Cir. 2002). Here, the Court identified to Bedminster the deficiencies in his original complaint in the Court's March 18, 2016, memorandum opinion. In that memorandum opinion, the Court pointed out to Bedminster the areas in which his factual allegations were wanting. Rather than remedy those deficiencies by adding additional allegations, Bedminster drastically pared down his factual allegations. Under these circumstances, the Court finds that granting further leave to amend would be futile. *See Kundratic v. Thomas*, 407 Fed. App'x 625, 630 (3d Cir. 2011) ("Plaintiff's initial amendment consisted of a few cosmetic changes, but he failed to augment his pleading with additional factual allegations sufficient to withstand a 12(b)(6) motion. We are convinced a second attempt would be fruitless." (citation omitted)).

As such, the Court will grant the motion to dismiss. The Court will not grant Bedminster any further leave to amend his complaint.

An appropriate Judgment follows.

                                 S\_____
                                      **Curtis V. Gómez**
                                      **District Judge**